ORIGINAL

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

NOV - 1 2010

CLERK, U.S. DISTRICT COURT
By _____
Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

ANTONIO LEDEL CHISM,           §
          Petitioner,          §
                               §
v.                             §          Civil Action No. 4:10-CV-049-Y
                               §
RICK THALER, Director,         §
Texas Department of Criminal Justice,  §
Correctional Institutions Division,    §
          Respondent.          §

FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

I. FINDINGS AND CONCLUSIONS

A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

B. PARTIES

Petitioner Antonio Ledel Chism, TDCJ #1043820, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Beaumont, Texas.

Respondent Rick Thaler is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

## C. FACTUAL AND PROCEDURAL HISTORY

On May 17, 2001, a jury found Chism guilty of aggravated robbery with a deadly weapon in Tarrant County, Texas, Case No. 0790617D, and assessed his punishment at 80 years' confinement. (Clerk's R. at 73) The Second District Court of Appeals of Texas affirmed the trial court's judgment on February 14, 2002. *Chism v. Texas*, No. 02-01-235-CR, slip op. (Tex. App.–Fort Worth Feb. 14, 2002) (not designated for publication). Chism did not file a petition for discretionary review; thus his conviction became final under state law on Monday, March 18, 2002.[1] *See* Tex. R. App. P. 68.2(a); *Roberts v. Cockrell*, 319 F.3d 690, 694 (5ᵗʰ Cir. 2003). On September 4, 2008, Chism filed a state application for writ of habeas corpus challenging his conviction, which was denied without written order by the Texas Court of Criminal Appeals on October 29, 2008. Chism filed a second state habeas application on July 30, 2009, which was dismissed by the Texas Court of Criminal Appeals as successive on September 30, 2009. This federal petition for writ of habeas corpus was filed by Chism on January 21, 2010.[2] As ordered, Thaler has filed a preliminary response addressing only the issue of limitations, to which Chism did not reply.

## D. ISSUES

Chism challenges his conviction on sufficiency-of-the-evidence grounds. (Pet. at 7)

## E. STATUTE OF LIMITATIONS

Thaler argues that Chism's petition should be dismissed with prejudice because his petition is barred by the statute of limitations. (Resp't Preliminary Response at 3-5) 28 U.S.C. § 2244(d)

---

[1]The 30-day period within which Chism had to file a petition for discretionary review expired on March 16, 2002, which was a Saturday.

[2]A pro se habeas petition is deemed filed when the petition is delivered to prison authorities for mailing. *Spotville v. Cain*, 149 F.3d 374, 377 (5ᵗʰ Cir. 1998).

imposes a one-year statute of limitations for filing a petition for federal habeas corpus relief. Section 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

Under subsection (A), applicable to this case, the limitations period began to run on the date on which the judgment of conviction became final by the expiration of the time for seeking direct review. For purposes of this provision, the trial court's judgment of conviction became final upon expiration of the time that Chism had for filing a petition for discretionary review in the Texas Court of Criminal Appeals on Monday, March 18, 2002. *See* Tex. R. App. P. 68.2(a); *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003). Thus, the federal limitations period began on March 19, 2002, and

3

closed one year later on March 19, 2002. *See Gonzalez v. Thaler*, —F.3d—, 2010 WL 3895059, at *2 (5th Cir. Oct. 6, 2010).

Chism's state habeas applications filed after the statute of limitations had already expired, did not operate to toll the running of the federal period for purposes of § 2244(d)(2). *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Nor did Chism reply to Thaler's preliminary response or otherwise allege and demonstrate exceptional circumstances that prevented him from filing a timely petition to warrant tolling as a matter of equity. Equitable tolling is permitted only if rare and exceptional circumstances beyond a petitioner's control make it impossible to file a petition in a timely manner. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). To the extent Chism attempts to raise a claim of actual innocence, such a claim does not aid him. (Attach. to pet.) Claims of actual innocence do not justify equitable tolling of the limitations period. *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000).

Chism's federal petition was due on or before March 18, 2003. Accordingly, his petition filed on January 21, 2010, nearly seven years later, is untimely.

## II. RECOMMENDATION

Chism's petition for writ of habeas corpus should be dismissed with prejudice as time-barred.

### III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court is extending the deadline within which to file specific written

objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until November 22, 2010. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).

## IV. ORDER

Under 28 U.S.C. § 636, it is ordered that each party is granted until November 22, 2010, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ordered that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ordered that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED November ___/___, 2010.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE